UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

- versus -

JOSE FERNANDEZ,

                Defendant.

STATEMENT OF REASONS

15-cr-67 (JG)

JOHN GLEESON, United States District Judge:

        The sentencing in this case is another window into (1) how unnecessarily severe the drug offense Guidelines are; (2) how prosecutors use that severity to leverage guilty pleas; and (3) why there are so few trials in federal courts.

        Jose Fernandez had a supervisory role in a low-level drug trafficking organization. He recruited couriers and helped them go to Brazil to transport cocaine into the United States. A total of eight trips occurred, and two of the couriers were arrested. Each one had 2.88 kilograms of cocaine in her possession.

        When Fernandez appeared for sentencing last week, his Advisory Guidelines range was 235-293 months. The government and the defendant, however, asked me to use a lower range instead: 168-210 months. The government said the lower range was the one that was "estimated" by the government when Fernandez pleaded guilty. That estimate did not include the drugs from all eight trips by the couriers, and it also did not include all of Fernandez's criminal history points in his Criminal History Category computation.

        At sentencing, the government stated that the Probation Department was correct and that it "would certainly be appropriate for the government to recommend a sentence within

or above the 235-293 month Guidelines range computed by the Probation Department." ECF, Dkt. No. 67 at 4. But it nevertheless asked me to consider the incorrectly calculated lower range. This benefitted Fernandez a lot; the midpoint of the correct range was more than seven years higher than the midpoint range the government was willing to have me consider.

Fernandez only got this benefit because he pleaded guilty. At sentencing, I asked the prosecutor what Fernandez's range would have been had he gone to trial and been convicted. The answer was 324-405 months, which is the 235-293 months range plus the three levels Fernandez would have missed out on by contesting his factual guilt at trial. Then I asked the prosecutor whether, in that event, he would have asked me to accord the same significance to the 168-210 months "estimate," that is, whether he would have said to me that I should consider that range plus three levels, or 235-293 months. The answer: "I think the plea penalty sheet would have lost its persuasive value if we had to gone to trial. . . . [I]f we had gone to trial, then that plea penalty sheet would have meant less and we would have felt less bound to it." Sent. Tr. 7-8.

Here's what that meant for Fernandez: he was told that if he pleaded guilty, he would have a Guidelines range of 168-210 months -- 14 years to 17 1/2 years. If he wanted a trial he was welcome to it, but if he lost, then his range would have been 324-405 months -- 27 years to 33 years, nine months.

I can only imagine what Fernandez's counsel said to him in connection with the plea offer. But it must have been something like this: "The Guidelines range is only one factor of many when sentence is imposed. The judge is not required to sentence within that range, but that range is the mandatory starting point at every sentencing. If you plead guilty, the midpoint of your range will be 15 years and nine months. If you go to trial and lose, the midpoint of your

range will be over 30 years. So basically it could cost you about 15 extra years in prison if you go to trial and lose."

No wonder Fernandez pleaded guilty.

The government does this on a regular basis. It did virtually the same thing in Fernandez's co-defendant's case as well. I wrote about these de facto sentencing bargains in 2008, stating that one virtue of them is that "they help to leaven a sentencing regime that is too harsh."[1] That is still true, but as long as plea bargaining continues to happen against the backdrop created by that harsh regime, prosecutors will use the excessively severe Guidelines to get people to plead guilty, and the federal criminal trial will remain on the endangered species list.

So ordered.

John Gleeson, U.S.D.J.

Dated: March 8, 2016
Brooklyn, New York

---

[1] John Gleeson, *The Sentencing Commission and Prosecutorial Discretion: The Role of the Courts in Policing Sentence Bargains*, 36 HOFSTRA L. REV. 639, 658 (2008).